IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:10CR 45 -2 |
| | : | |
| v. | : | |
| | : | |
| WORKPLACE COMPLIANCE, INC. | : | PLEA AGREEMENT |

NOW COMES the United States of America, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, and the defendant, WORKPLACE COMPLIANCE, INC., through its President, Michael R. Bennett and his attorney, Christopher R. Clifton, and state as follows:

1. The defendant, WORKPLACE COMPLIANCE, INC., is presently charged in a Bill of Information in case number 1:10CR 45 -2, which in Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen and Nineteen charge it with violations of Title 18, United States Code, Section 1343, wire fraud; which in Counts Twenty, Twenty-One and Twenty-Two charge it with violations of Title 18, United States Code, Section 1001, false statements; and which in Count Twenty-Three charges it with a violation of Title 18, United States Code, Section 1341, mail fraud.

2. The defendant, WORKPLACE COMPLIANCE, INC., will enter a voluntary plea of guilty to Counts One, Fourteen, Fifteen and Twenty-One of the Information herein. The nature of these charges and the elements of these charges, which must be proved by the

United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to it by it's attorney.

    a.    The defendant, WORKPLACE COMPLIANCE, INC., understands that, pursuant to Title 18, United States Code, Section 3551(c), the maximum punishment provided by law for the Information herein is not less than one year, nor more than five years probation, pursuant to Title 18, United States Code, Section 3561(c)(1), and a fine of $500,000, pursuant to Title 18, United States Code, Section 3571(c)(3).

    b.    The defendant, WORKPLACE COMPLIANCE, INC., also understands that, as to Count Twenty-One, that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victim of the offenses, pursuant to Title 18, United States Code, Section 3663A.

    c.    The defendant, WORKPLACE COMPLIANCE, INC., also understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant, as to Counts One, Fourteen and Fifteen, make restitution to any person directly harmed by the defendant's conduct in the course of the scheme set out in paragraphs 1 through 11 in Count One of the Information, pursuant to Title 18, United States Code, Section 3663A.

    d.    The defendant, WORKPLACE COMPLIANCE, INC., further understands that the sentence to be imposed upon it is within the discretion of the sentencing Court subject to the statutory maximum

2

Case 1:10-cr-00045-TDS   Document 4   Filed 01/29/10   Page 2 of 6

penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

3. By voluntarily pleading guilty to Counts One, Fourteen, Fifteen and Twenty-One of the Information herein, the defendant, WORKPLACE COMPLIANCE, INC., knowingly waives and gives up its constitutional rights to plead not guilty, to compel the United States to prove its guilt beyond a reasonable doubt, not to be compelled to incriminate itself, to confront and cross-examine the witnesses against it, to have a jury or judge determine its guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, WORKPLACE COMPLIANCE, INC., is going to plead guilty to Counts One, Fourteen, Fifteen and Twenty-One of the Information herein because it is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, WORKPLACE COMPLIANCE, INC., to Counts One, Fourteen, Fifteen and Twenty-One of the Information herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining counts of the Information as to the defendant, WORKPLACE COMPLIANCE, INC. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. It is understood that if the Court determines at the time of sentencing that the defendant, WORKPLACE COMPLIANCE, INC., qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

c. It is agreed that the defendant, WORKPLACE COMPLIANCE, INC., will waive in open court prosecution by Indictment and consent that the proceeding may be by Information rather than by Indictment.

d. It is agreed by and between the defendant, WORKPLACE COMPLIANCE, INC., and the United States, pursuant to Title 18, United States Code, Section 3663(a)(3), that WORKPLACE COMPLIANCE, INC., and Michael R. Bennett, collectively, agree to pay $64,635.00 in restitution to the United States Department of Transportation for administrative costs incurred to identify and remedy drug testing program deficiencies related to the conduct of WORKPLACE COMPLIANCE, INC. and Michael R. Bennett.

6. It is further understood that the United States and the defendant, WORKPLACE COMPLIANCE, INC., reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, WORKPLACE COMPLIANCE, INC., further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $400 for each offense to which it is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be

entered into unless executed in writing and signed by all the parties.

This the 25th day of January, 2010.

ANNA MILLS WAGONER  
United States Attorney

*/s/ Christopher R. Clifton*  
CHRISTOPHER R. CLIFTON  
Attorney for Defendant

*/s/ Robert M. Hamilton*  
ROBERT M. HAMILTON  
LASB # 1400  
Assistant United States Attorney

P. O. Box 1858  
Greensboro, NC 27402

336/333-5351

*/s/ Michael K. Bennett, President*  
WORKPLACE COMPLIANCE, INC.  
Defendant

SA